UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS GREEN,

    Plaintiff,

v.                                              Case No. 3:15cv124-MCR-CJK

BAPTIST HOSPITAL, INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant's motion for summary judgment. (Doc. 42).[1] Defendant argues: (1) it did not interfere with plaintiff's rights under the Family and Medical Leave Act; and (2) it did not violate the Florida Whistleblower Act by retaliating against plaintiff for reporting a violation of a law, rule, or regulation. Plaintiff responded in opposition. (Docs. 49, 50). The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Having fully considered the parties' submissions, the record, and the relevant law, the undersigned recommends that the motion for summary judgment be granted.

---

[1] The references to document and page numbers will be to those automatically generated by the CM/ECF system.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action on March 23, 2015, by filing a complaint against defendant Baptist Hospital, Inc., plaintiff's former employer. (Doc. 1). The amended complaint includes 3 causes of action. (Doc. 12). Count 1 is an interference claim under the Family and Medical Leave Act ("FMLA"); counts 2 and 3 are retaliation claims under the Florida Whistleblower Act ("FWA") and the FMLA. Discovery ended on May 27, 2016. (Doc. 27). Defendant subsequently moved for summary judgment, asserting it did not violate the FMLA or the FWA. (Doc. 42). Plaintiff responded in opposition. (Docs. 49, 50).[2]

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56(a) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 160 S. Ct. 2548, 91

---

[2] Plaintiff's responses do not include any relevant evidentiary material. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]").

L. Ed. 2d 265 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the record taken as a whole could lead a rational fact finder to find for the nonmoving party. *Id.* Summary judgment is not appropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). Generally, a court must view the facts in the light most favorable to the nonmoving party (here, plaintiff) and draw all reasonable inferences in favor of that party. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). The court may not, however, accept any facts that are "blatantly contradicted by the record, so that no reasonable jury could believe [them]." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). Moreover, "the nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is 'merely colorable' or 'not significantly probative.'" *Vega v. Invsco Group, Ltd.*, 432 F. App'x 867, 869-70 (11th Cir. 2011). "A mere "scintilla" of evidence supporting the opposing party's position will not suffice; there must be

enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

FACTS

Defendant Baptist Hospital employed plaintiff as a surgical technologist from 2001 until his termination in May 2013. (Doc. 42-1, p. 19). During his employment, plaintiff filed 2 reports with his supervisor concerning medical malpractice he purportedly witnessed during surgical procedures involving 2 different doctors. (Doc. 42-1, p. 8-14, 54, 58). None of plaintiff's coworkers ever discussed the reports with plaintiff. (Doc. 42-1, p. 60).

Defendant terminated plaintiff on May 7, 2013, for failing to report to work. (Doc. 42-2). Plaintiff has intermittently used drugs and alcohol for over 20 years. (Doc. 42-1, p. 13, 27-30). About 6 months before plaintiff's termination of employment, he relapsed and began using cocaine. (Doc. 42-1, p. 37-38). Plaintiff initially sought outpatient treatment for mental health and drug addiction issues at the Lakeview Center. (Doc. 42-1, p. 34-35, 39-40). Later, plaintiff entered the Friary for 3 weeks of inpatient substance abuse treatment through defendant's Employee Assistance Program. (Doc. 42-1, p. 34-35, 39-40). Plaintiff was discharged from the Friary on April 3, 2013. (Doc. 42-1, p. 47-48). About 2 weeks later, plaintiff relapsed and, by his own admission, resumed using cocaine. (Doc.

42-1, p. 36, 40, 47-48). He did not inform anyone at the hospital about the relapse. (Doc. 42-1, p. 50-51).

Plaintiff was a "no call, no show" for work from May 1, 2013, through May 6, 2013. (Doc. 42-1, p. 48; Doc. 42-2). Plaintiff testified that during this time, he "was probably just getting high." (Doc. 42-1, p. 48). Defendant terminated plaintiff "on May 7, 2013, because he was a no call, no show for multiple work shifts." (Doc. 42-2; Doc. 42-1, p. 42).

## DISCUSSION

Family and Medical Leave Act

Count 1 of the amended complaint alleges defendant interfered with plaintiff's "ability to avail himself of the protections afforded him under the" FMLA. (Doc. 12, p. 4-5). The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the [FMLA]." 29 U.S.C. § 2615(a)(1). "To state a claim of interference with a substantive right, an employee need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied." *Strickland v. Water Works and Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206-07 (11th Cir. 2001)).

Count 3 alleges defendant retaliated against plaintiff for exercising his rights under the FMLA.³ (Doc. 12, p. 5-6). Absent direct evidence of retaliatory intent, FMLA retaliation claims are analyzed under the burden-shifting framework applied to Title VII retaliation claims. *See Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1268 (11th Cir. 2008). "To state a claim for retaliation, an employee must allege sufficient facts to plausibly suggest that: '(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) that the decision was causally related to the protected activity.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247 (11th Cir. 2015) (*quoting Strickland*, 239 F.3d at 1207). "Once the employee establishes a *prima facie* case of retaliation, the burden shifts to the employer 'to articulate a legitimate reason for the adverse action.'" *Martin*, 543 F.3d at 1268 (*quoting Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006)). "If the employer does so, the employee must then show that the employer's proffered reason was pretextual by presenting evidence 'sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer

---

³ Because counts 1 and 3 incorporate the same factual allegations, it is unclear which actions are alleged to constitute interference and which are alleged to constitute retaliation. (Doc. 12). Although defendant's motion for summary judgment does not separately address count 3 (doc. 42), the arguments raised in opposition to the interference claim are also applicable to the retaliation claim. *Cf. Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 798 n.5 (11th Cir. 2000) ("The statute itself uses the language of interference, restraint, denial, discharge, and discrimination, not retaliation. But nomenclature counts less than substance. And the substance of the FMLA provisions as they concern this case is that an employer may not do bad things to an employee who has exercised or attempted to exercise any rights under the statute.").

were not the real reasons for the adverse employment decision.'" *Id.* (*quoting Hurlbert*, 439 F.3d at 1298).

Here, plaintiff has identified no evidence indicating defendant interfered with the exercise of his FMLA rights or retaliated against him for exercising those rights. Plaintiff never informed defendant he resumed using cocaine after completing treatment at the Friary and he did not seek leave under the FMLA for the absences that resulted in his termination. *See* 29 C.F.R. § 825.302(c) ("An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave."); 29 C.F.R. § 825.303(b) ("An employee shall provide sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request."); *see also Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1436 (11th Cir. 1997 ("[W]here an employee's need for FMLA leave is unforeseeable, the employee need only provide her employer with notice sufficient to make the employer aware that her absence is due to a potentially FMLA-qualifying reason.").

Plaintiff simply testified that he "was probably just getting high" when he missed work from May 1 to May 6 of 2013. The regulations implementing the FMLA provide that an "absence because of the employee's use of the substance, rather than for treatment, does not qualify for FMLA leave." 29 C.F.R. § 825.119(a).

Because the undisputed evidence shows defendant did not deny plaintiff any benefit under the FMLA, summary judgment on the interference claim is appropriate.

Similarly, plaintiff failed to establish a *prima facie* case of retaliation because he did not identify any causal connection between any exercise of his rights under the FMLA and his termination. Defendant notes it did not terminate plaintiff when he missed work to receive inpatient treatment at the Friary. (Doc. 42, p. 5). Defendant fired plaintiff only after he was no call, no show from May 1 through May 6. Because plaintiff did not establish the requisite causal connection and defendant proffered an uncontested, legitimate reason for firing plaintiff, summary judgment should be granted in favor of defendant on the FMLA retaliation claim.

Florida Whistleblower Act

Count 2 of the amended complaint alleges plaintiff's termination violated the Florida Whistleblower Act, which prohibits an employer from retaliating against an employee because the employee has:

> [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

Fla. Stat. § 448.102(3). The phrase "'law, rule, or regulation' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4).

Case No. 3:15cv124-MCR-CJK

Like FMLA retaliation claims, FWA claims are analyzed under the burden-shifting framework applied in Title VII retaliation claims. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000); *Rice-Lamar v. City of Fort Lauderdale*, 853 So. 2d 1125, 1132-33 (Fla. 4th DCA 2003). To establish a *prima facie* case of retaliation under section 448.102(3), plaintiff must show: "'(1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to the statutorily protected activity.'" *Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458, 462 (Fla. 2d DCA 2015) (*quoting White v. Purdue Pharma, Inc.*, 369 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005)). "Once plaintiff establishes a prima facie case by proving only that the protected activity and the negative employment action are not completely unrelated, the burden shifts to the defendant to proffer a legitimate reason for the adverse action." *Sierminski*, 216 F.3d at 950. "The burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the 'legitimate' reason is merely pretext for prohibited, retaliatory conduct." *Id.*

Here, plaintiff filed internal reports with defendant on two occasions he believed a physician committed medical malpractice during a surgical operation. Assuming for purposes of this motion the reports constitute statutorily-protected expression, plaintiff failed to establish a *prima facie* case of retaliation because he has not shown a causal connection between the expression and his termination.

Although the record is imprecise, it indicates the reports were filed at least a year before plaintiff was terminated. (Doc. 42-1, p. 15-19, 52; Doc. 49, p. 5). The temporal relationship between the reports and plaintiff's termination does not suggest a causal connection between the events. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (citation omitted) ("[I]n the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law."); *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006) (finding 3-month gap between protected expression and adverse action insufficient to show causation). Moreover, assuming plaintiff did establish a *prima facie* case, defendant proffered an unrebutted legitimate reason for terminating plaintiff—he was a no call, no show from May 1 to May 6 of 2013. Thus, summary judgment as to the FWA retaliation claim should be granted in defendant's favor.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's motion for summary judgment (doc. 42) be GRANTED.

2. That the clerk be directed to enter judgment in favor of defendant and against plaintiff.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of November, 2016.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:15cv124-MCR-CJK